25 F.3d 1053
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Marcus J. SANDERS and Dairyland Insurance Company, Plaintiffs,
v.
Rebecca J. SCHEIDELER, Daniel G. Scheideler, Jason G.
Scheideler, DOB 2/25/81, et al., Defendants-Appellees.
Appeal of Nepco Emba, Defendant.
 No. 93-3044.
 United States Court of Appeals, Seventh Circuit.
 Argued Feb. 25, 1994.
Decided June 1, 1994.
 
 Appeal from the United States District Court for the Western District of Wisconsin, No. 92 C 477, Barbara B. Crabb, Chief Judge.
 
 
 1
 W.D.Wis., 816 F.Supp 1338.
 
 
 2
 AFFIRMED.
 
 ORDER
 
 3
 In March 1992 Daniel G. and Rebecca J. Scheideler and their four minor children sustained injuries in an automobile accident caused by the negligence of Marcus J. Sanders. Mr. and Mrs. Scheideler and their children required hospital and medical treatment as a result of the accident. In June 1992 plaintiffs Dairyland Insurance Company ("Dairyland") and Marcus J. Sanders filed a petition for declaration of rights in the proceeds of the $50,000 insurance policy held by Sanders, naming as defendants Mr. and Mrs. Scheideler and their four minor children. Mr. and Mrs. Scheideler waived any recovery under the Dairyland policy in favor of their offspring. The children's damages other than medical expenses--which were paid by Nepco EMBA[1]--exceeded the Dairyland policy limits of $50,000.
 
 
 4
 Nepco EMBA entered the case and had it removed from the Wood County Circuit Court of Wisconsin to the court below. Nepco EMBA asserted that the defendants' claims were pre-empted by ERISA and sought a judgment ordering Dairyland to pay the $50,000 policy limit directly to Nepco EMBA.
 
 
 5
 In December 1992 Nepco EMBA filed a motion for summary judgment, and in January 1993 the Scheideler children filed a brief in opposition as well as their own cross-motion for summary judgment.
 
 
 6
 In February 1993 Dairyland was dismissed from the action after conceding liability for its policy limits of $50,000. The court was to decide later whether the $50,000 would go to the Scheideler children or to Nepco EMBA.
 
 
 7
 In March 1993 the district court issued an opinion and order denying both parties summary judgment. The district court properly employed a de novo standard to review Nepco EMBA's determinations regarding the rights of the Scheideler children.[2] The district court then held that the plan document should prevail over the summary plan description which was in conflict. But since the plan document did not address the priority of the plan's subrogation rights to the undesignated Dairyland insurance proceeds, Judge Crabb adopted the "make whole" doctrine as the default priority rule to be applied. This rule, which is the priority rule employed in Wisconsin and the majority of states, provides that an insurer cannot assert a subrogation right until the insured is fully compensated for his injuries. See, e.g., Rimes v. State Farm Mutual Auto Ins. Co., 106 Wis.2d 263, 270-271, 316 N.W.2d 348, 353-354 (1982). At least in this instance, where the agreement being interpreted was drafted in a "make whole" jurisdiction, the district court application of the majority "make whole" priority rule was appropriate.
 
 
 8
 The district court's order provided that the Scheideler children would be entitled to the policy proceeds if they were able to prove they had incurred non-medical damages[3] in excess of the $50,000 policy limits (R. 61 at 2). The parties subsequently stipulated that it would be unnecessary to hold a hearing on the children's damages because Nepco EMBA did not dispute that their non-medical damages exceeded $50,000. In July 1993 the court ordered that the proceeds of the Sanders' Dairyland Insurance Company policy be paid to the four Scheideler children. However, their motion for attorney's fees was denied because "The closeness of the issues and the substantiality of Nepco EMBA's arguments weigh against such an award" (R. 61 at 6). The fee ruling has not been appealed.
 
 
 9
 Judgment affirmed.
 
 
 
 *
 The Honorable Robert L. Miller, Jr. of the Northern District of Indiana is sitting by designation
 
 
 [1]
 Nepco EMBA is a self-funded employee welfare benefit plan within the meaning of Section 3(1) of ERISA (29 U.S.C. Sec. 1102). Daniel Scheideler was a member of the Nepco EMBA plan and his wife was eligible for benefits under the plan as his dependent
 
 
 [2]
 See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101; Michael Reese Hospital & Medical Center v. Solo Cup Employee Health Benefit Plan, 899 F.2d 639 (7th Cir.1990). Nepco EMBA had argued that a deferential standard of review was appropriate, while the Scheidelers argued that Nepco EMBA's actions were erroneous even under an arbitrary and capricious standard. The district court correctly held that the plan's terms were inadequate to grant the trustees discretionary power to construe the plan's subrogation provision
 
 
 [3]
 The medical and hospital expenses of the Scheideler family had already been reimbursed through the Nepco plan