Diane FRAVEL and Amy Fravel, a minor
by Diane Fravel, her mother and
next friend, Plaintiffs,

v.

Richard STANKUS, Eleanor Stankus,
and Oko Michalina, Defendants.

No. 95 C 4621.

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 8, 1996.

Robert M. Cohen, Goldstein, Fishman, Bender & Romanoff, Chicago, IL, for plaintiffs.

David Alan Belofsky, James John Merriman, David A. Belofsky & Associates, P.C., Chicago, IL, Heather Joy Shields, David A. Belofsky & Associates, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

Plaintiffs Diane Fravel and Amy Fravel, a minor, sued Defendants Richard Stankus, Eleanor Stankus, and Oko Michalina in the Circuit Court of Cook County, Illinois for negligence (Case no. 91 L 13140). After a settlement was negotiated between Amy Fravel and the Stankuses, Amy Fravel filed a Motion to Adjudicate Lien, pursuant to a Notice of Lien sent by Health Cost Controls of Illinois, Inc. ("HCC"). HCC then removed the case to this Court. Before the Court is Plaintiff's Motion to Remand Pursuant to 28 U.S.C. § 1447.

## BACKGROUND

On May 6, 1988 Plaintiffs were injured. As dependents of Gary Fravel, Plaintiffs' medical expenses were covered through his participation in the Health and Welfare Fund of Local 705 International Brotherhood of Teamsters ("Fund"). On February 27, 1989 HCC, as assignee for collection of the Fund's claims, notified Plaintiffs' attorney that it holds a lien against Plaintiff Amy Fravel totalling $22,065.57 for services rendered as a result of her injuries, pursuant to a subrogation and reimbursement agreement. After filing suit in the Circuit Court of Cook Coun-

ty, Plaintiff Amy Fravel negotiated a settlement agreement with the Stankuses. Amy Fravel then filed a Motion to Adjudicate Lien in the state court proceeding, invoking Illinois law that forbids subrogation claims against minors' funds. *Kelleher v. Hood,* 238 Ill.App.3d 842, 179 Ill.Dec. 4, 605 N.E.2d 1018 (2d Dist.1992). HCC filed a Notice of Removal in this Court, invoking the federal common law and Sections 514 and 502(a) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1144 & 1132(a).

## ANALYSIS

Congress has allowed state court defendants to remove certain civil actions to federal district court via 28 U.S.C. § 1441. Specifically, "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable." § 1441(b). Plaintiff moves to remand on several grounds: (1) the Court does not have original jurisdiction over the action; (2) HCC did not obtain the consent of the state court defendants; (3) HCC is not a defendant for removal purposes; and (4) the removal was untimely under 28 U.S.C. § 1446(b)'s thirty-day period.[1]

### I. Jurisdiction

Section 1447(c) of Title 28 directs the district court to remand the case if it lacks subject matter jurisdiction. The removal statute is not itself a source of federal jurisdiction. Rather, under the "well-pleaded complaint rule," a federal district court has subject matter jurisdiction only if "the suit—as the plaintiff framed or could easily have framed it in the complaint—would have been within the district court's original jurisdiction at the time of removal." *Federal Deposit Ins. Corp. v. Elefant,* 790 F.2d 661, 667 (7th Cir.1986) (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). Moreover, a defense based upon federal law does not render the case remova-

---

1. Notice of Removal was filed within 30 days of service of the Motion to Adjudicate Lien, but not within 30 days of the state court Complaint.

ble. *Elefant,* 790 F.2d at 667. Thus, a defendant may not remove a state action based upon the defense of federal preemption. However, under the complete-preemption doctrine state common law claims within the scope of ERISA's civil enforcement provision—§ 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)—are "displaced," to the extent that a suit purporting to raise such state law claims "is necessarily federal in character" and, thus, is removable. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 60 & 66, 107 S.Ct. 1542, 1544 & 1548, 95 L.Ed.2d 55 (1987).

■ In the instant case, although the Motion to Adjudicate Lien does not purport to raise any federal claims, HCC contends that the Motion is within the scope of Section 502(a)(1)(B) (*i.e.,* an action "by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the plan, or to clarify his rights to future benefits under the terms of the plan"). In holding that the Motion is completely preempted by ERISA and, thus, removable, this Court follows the district court's decision in *Musinski v. Staudacher,* 928 F.Supp. 739 (N.D.Ill.1996). *Musinski* travelled the same path to the federal courthouse as the present case: the plaintiff sued his tortfeasor in state court, reached a settlement against which the subrogee asserted a lien, and filed a Motion to Adjudicate Lien in state court, which the subrogee removed. The plaintiff asserted state antisubrogation law against the lien, namely, the common fund doctrine as set out in *Scholtens v. Schneider,* 274 Ill.App.3d 102, 210 Ill.Dec. 580, 653 N.E.2d 775 (1st Dist.), *appeal allowed,* 164 Ill.2d 583, 214 Ill.Dec. 331, 660 N.E.2d 1280 (1995).

The *Musinski* court noted that the Motion to Adjudicate Lien, which arises from a subrogation agreement, "does not fall expressly within the literal language of" Section 502(a)(1)(B), because the plaintiff has already received the benefits at issue. *Id.* at 743. Indeed, another district court found the identical situation to warrant remand. *Washington v. Humana Health Plan, Inc.,* 883 F.Supp. 264 (N.D.Ill.1995). However, as the *Musinski* court aptly explained, *Rice v. Panchal,* 65 F.3d 637 (7th Cir.1995) compels the finding that the Motion to Adjudicate Lien falls within the scope of Section 502(a)(1)(B). Significantly, *Panchal* was not available to the *Washington* court when it ruled.

Specifically, the *Panchal* court concluded

that a suit brought by an ERISA plan participant is an action to "enforce his rights under the terms of a plan" within the scope of § 502(a)(1)(B) where the claim rests upon the terms of the plan or the "resolution of the [plaintiff's] state law claim ... require[s] construing [the ERISA plan]."

*Panchal,* 65 F.3d at 644–45 (quoting *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 407, 108 S.Ct. 1877, 1882, 100 L.Ed.2d 410 (1988)). Moreover, the Seventh Circuit engaged in the same analysis, albeit in an abbreviated manner, when it upheld the removal by an intervening defendant who asserted an employee benefit plan's subrogation and reimbursement agreement. *Shannon v. Shannon,* 965 F.2d 542, 545–46 (7th Cir.), *cert. denied sub nom. Shannon v. United Services Auto Ass'n,* 506 U.S. 1028, 113 S.Ct. 677, 121 L.Ed.2d 599 (1992). Like the defendant in *Musinski,* HCC has not cited *Shannon* to this Court. However, HCC properly argues for removal based upon *Panchal.*

Applying *Panchal* and *Shannon,* the *Musinski* court found:

In ERISA § 502(a)(1)(B) terms, Musinski's claim may perhaps not be one "to recover benefits," and perhaps he might be characterized as resisting Blue Cross' effort to enforce its rights under the Plan rather than seeking to enforce his own, but it is surely the case that in the language *Rice* adapted from *Lingle,* the "resolution of the [plaintiff's] state law claim ... require[s] construing [the ERISA plan]."

*Musinski,* 928 F.Supp. at 743–44 (footnote omitted) (alterations in original). The court further concluded:

Though it may involve some stretching of the statutory language, Musinski's effort to retain the Plan benefits that were previously paid to him, and to do so in the face

of a Plan provision that expressly obligates him to return those benefits under the circumstances that developed in his lawsuit against [the tortfeasor], might well be characterized as seeking to "recover benefits due to him under the terms of his plan."

*Id.* at 743 n. 5.

 Interestingly, like the plaintiff in *Musinski,* Amy Fravel's Motion to Adjudicate Lien appears to assert the Illinois common fund doctrine, in which case *Musinski* is completely analogous. However, in her briefs Plaintiff asserts Illinois antisubrogation law arising from her minor status, as defined in *Kelleher v. Hood,* 238 Ill.App.3d 842, 850–53, 179 Ill.Dec. 4, 10–12, 605 N.E.2d 1018, 1024–26 (2d Dist.1992).[2] Accordingly, Plaintiff relies upon *Hedberg v. Zaldivar,* No. 94 C 1117, 1994 WL 71424 (N.D.Ill. Mar. 4, 1994), where a district court ordered the remand of a Motion to Adjudicate Lien that asserted the same Illinois antisubrogation law and was removed by HCC. Significantly, *Hedberg,* decided by the same court as *Musinski,* was issued without the guidance of *Panchal.* Had *Panchal* been available to the *Hedberg* court, this Court believes that the result would have been different. Namely, in *Hedberg* the Court turned to the terms of the plan in concluding that no ERISA claim had been asserted by the minor because the parent, rather than the minor, had undertaken the contractual obligation of subrogation and reimbursement. *Id.* at *2. Likewise, the Illinois court that set out the antisubrogation law at issue repeatedly turned to the terms of the plan. *Kelleher,* 179 Ill.Dec. at 9–12, 605 N.E.2d at 1023–26. In light of *Panchal, Hedberg*'s reasoning proves too much, as *Panchal* established that a claim is completely preempted when resolution of the plaintiff's state law claim requires construing the ERISA plan. *Panchal,* 65 F.3d at 645.[3] Moreover, this is not a case in which "[b]eyond the simple need to refer to the … [Plan], the … [Plan] is irrelevant to the dispute." *Livadas v. Bradshaw,* 512 U.S. 107, ——, 114 S.Ct. 2068, 2079, 129 L.Ed.2d 93 (1994). Rather, under *Hedberg*'s reasoning the claim will "rise and fall with the Plan." *Panchal,* 65 F.3d at 645. Accordingly, this Court respectfully declines to follow *Hedberg,* following *Musinski* in its stead, and finds that the Motion to Adjudicate Lien is within the scope of Section 502(a)(1)(B) of ERISA; thus, the Court has original jurisdiction over the Motion to Adjudicate Lien.

## II. Consent of All Defendants

 In *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 368 (7th Cir.1993), the Seventh Circuit explained that proper removal requires the consent of all defendants. Accordingly, "a petition is considered defective

---

**2.** Were the issue merely the defense of federal preemption, any distinction between the types of state antisubrogation law asserted would be irrelevant, as it is well-settled that ERISA preempts Illinois antisubrogation law. *FMC Corp. v. Holliday,* 498 U.S. 52, 58, 111 S.Ct. 403, 407, 112 L.Ed.2d 356 (1990); *Land v. Chicago Truck Drivers,* 25 F.3d 509, 512 (7th Cir.1994).

However, as explained above, the defense of federal preemption alone does not render a claim removable. Rather, where the federal claim is not asserted in the well-pleaded complaint, the claim is removable only when it is completely preempted. In the ERISA context, the issue is whether the claim is within the scope of § 502(a)(1)(B). Thus, a distinction between the types of state law antisubrogation claims could conceivably affect the complete-preemption analysis.

Notably, this would be an easy case were the issue merely the defense of federal preemption, as it is well-established that a defendant in HCC's shoes, namely, an ERISA fiduciary, may bring an action in federal court for restitution pursuant to a subrogation and reimbursement agreement in a self-funded employee benefits plan. *Harris Trust & Savings Bank v. Provident Life & Accident Ins. Co.,* 57 F.3d 608 (7th Cir.1995); *Central States, Southeast & Southwest Areas Health & Welfare Fund v. Neurobehavioral Assoc.,* 53 F.3d 172 (7th Cir.1995); *Health Cost Controls v. Washington,* No. 95 C 3806, 1996 WL 252552 (N.D.Ill. May 10, 1996); *Health Cost Controls v. Manetas,* No. 94 C 419, 1995 WL 66383 (N.D.Ill. Feb. 13, 1995); *Health Cost Controls v. Rogers,* 909 F.Supp. 537 (N.D.Ill.1994); *Health Cost Controls v. Garcia,* No. 94 C 308, 1994 WL 113078 (N.D.Ill. Apr. 1, 1994).

**3.** To the extent Plaintiff relies upon *Hedberg* for its alternative holding, *Hedberg* is unavailable on that score, having been overruled by *Health Cost Controls v. Skinner,* 44 F.3d 535 (7th Cir.1995). *See also Harris Trust & Savings Bank v. Provident Life & Accident Ins. Co.,* 57 F.3d 608 (7th Cir. 1995) & *Central States, Southeast & Southwest Areas Health & Welfare Fund v. Neurobehavioral Assoc.,* 53 F.3d 172 (7th Cir.1995).

if it fails to explain why the other defendants have not consented to removal." *Id.* Because HCC has not explained the absence of the state court defendants' consent in its Notice of Removal, remand would be warranted were removal dependent upon Section 1441(a).[4]

However, a defendant who removes pursuant to Section 1441(c) need not obtain the consent of the other defendants. *Thomas v. Shelton,* 740 F.2d 478, 483 (7th Cir.1984). Section 1441(c), as amended in 1990, provides that:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Accordingly, the Court must determine whether the Motion to Adjudicate Lien is removable under 28 U.S.C. § 1441(c).

The Seventh Circuit's decision in *Shannon v. Shannon,* 965 F.2d 542 (7th Cir.1992) controls. The minor plaintiff Christen Shannon sued her alleged tortfeasors—including her parents—in state court. Her mother's employee health plan ("the Plan") covered her medical expenses, but eventually terminated its payments. The Plan intervened in the state court action as a defendant to assert its subrogation and reimbursement claims against the plaintiff and her defendant-parents via counterclaims and cross-claims, who both raised purportedly state-law counterclaims against the Plan for benefits. *Id.* at 544. The Plan then removed the action to federal court pursuant to Section 1441(c), asserting federal jurisdiction based upon ERISA. The court held that under the complete-preemption doctrine as applied to ERISA, "the Plan's intervention to enforce the terms of the plan—namely, its alleged right to subrogation and reimbursement—more than likely invoked ERISA, preemption based removal. 29 U.S.C. §§ 1132(a)(3)(B)(ii), 1132(e). If it did not, then the Shannons' subsequent counterclaims against the Plan surely did." In light of the Court's recharacterization of Amy Fravel's Motion to Adjudicate Lien as an action under Section 502(a)(1)(B), the Motion is completely analogous to Christen Shannon's counterclaims against the Plan. Accordingly, the Motion was properly removed pursuant to 1441(c).

Moreover, like the district court in *Shannon,* this Court exercises its discretion, granted by 28 U.S.C. § 1441(c), to "remand all matters in which State law predominates," namely, the underlying personal injury Complaint.

---

4. The Court rejects HCC's argument that the state court defendants are nominal and, thus, need not consent to removal under § 1441(a). "A defendant is nominal if there is no reasonable basis for predicting that it will be held liable." *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 369 (7th Cir.1993). The present case is analogous to that in *Summit Mach. Tool Mfg. Corp. v. Great N. Ins. Co.,* 883 F.Supp. 1529 (S.D.Tex.1994). The removing defendants in *Summit* argued that the remaining defendant was nominal, because the plaintiff's parent corporation had entered into a settlement releasing that defendant from liability. After interpreting the agreement, the court found that the removing defendants had not met their burden of showing that the nonconsenting party was nominal.

Likewise, in the present case HCC has not satisfied its burden. The Court has not been presented with a settlement agreement that releases all of the state court defendants from liability. Rather, HCC merely proffers its counterclaim in which it alleges that "[o]n information and belief, ... Amy Fravel, did settle all of the personal injury claims asserted against Richard Stankus, Eleanor Stankus and Oko Michalina." (Countercl. ¶ 17). In contrast, Plaintiff's Motion to Adjudicate Lien states only that Plaintiffs' attorney "has negotiated a settlement on behalf of Plaintiff, Amy Fravel, and has received an offer to settle." (Motion ¶ 2). Further, in her Motion to Remand, Plaintiff Amy Fravel states that her attorneys "negotiated a settlement agreement between, Dana Corman, an employee of the state of Illinois and Guardianship Administrator for Plaintiff, Amy Fravel, and Defendants, Richard Stankus, Eleanor Stankus and their insurer, Aetna Life & Casualty, Co." (Motion at 2). Finally, Plaintiff states that the Stankuses "have never been voluntarily or involuntarily dismissed from the cause of action." (Reply at 8).

In other words, no evidence shows that Diane Fravel's claims against the state court defendants have been released or that either Plaintiffs' claims against Defendant Michalina have been released.

## III. "Defendant" for Purposes of Removal

 In arguing that HCC is not a defendant and, thus, not entitled to remove, Plaintiff necessarily assumes that only the complaint is removable. However, as the above discussion makes clear, the Motion to Adjudicate Lien is properly removable under 28 U.S.C. § 1441(c) as "a separate and independent claim or cause of action." Indeed, one court has explained that a Motion to Adjudicate Lien asserted in a state court action is properly treated as a declaratory judgment action. *In re O'Leary*, No. 95 C 958, 1995 WL 599074, at *1 n. 1 (N.D.Ill. Oct. 6, 1995). Further, as another district court responded to the same argument:

> this action is clearly adversarial in nature, for it involves a contest between the [plaintiff] and HCC over HCC's subrogation rights under the Plan. By filing his motion to adjudicate HCC's lien [the plaintiff] sought a determination of the propriety of HCC's subrogation interest. [The plaintiff] specifically requested a state court order finding that HCC is not entitled to reimbursement against funds received by [the minor] as a result of the [ ] accident.

*Prendergast v. Health Cost Controls, Inc.*, No. 94 C 3501, 1994 WL 445456 (N.D.Ill. Aug. 12, 1994). This Court follows *Prendergast* and, thus, rejects Plaintiff's argument.

## IV. Timeliness of Removal

 The above analysis also negates Plaintiff's argument that, because the Notice of Removal was not filed within thirty days of the original complaint, it was untimely. Rather, the following provision of the removal statute expressly contemplates the issue presented:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable....

28 U.S.C. § 1446(b). Because HCC filed its Notice of Removal within thirty days after the receipt of the Motion to Adjudicate Lien, the Court rejects Plaintiff's timeliness argument.

## CONCLUSION

For the reasons given above, the Court DENIES Plaintiff's Motion to Remand Pursuant to 28 U.S.C. § 1447 as to the Motion to Adjudicate Lien. However, pursuant to 28 U.S.C. § 1441(c), the Court remands the remainder of the case to the Circuit Court of Cook County, namely, the underlying personal injury action by Plaintiffs Amy and Diane Fravel against Defendants Richard Stankus, Eleanor Stankus, and Oko Michalina. Plaintiff's Motion for costs, expenses, and sanctions is terminated as moot.