**Milton F. HARTENBOWER, individually and as guardian of John Hartenbower, a Minor, and Catherine Hartenbower, Plaintiffs,**

v.

**Caroline DENT, Electrical Specialties Co. Health Benefit Plan, and OSF Healthcare System, Defendants.**

No. 97 C 038.

United States District Court, N.D. Illinois, Eastern Division.

May 7, 1997.

---

Douglas Alan Gift, Lawrence Michael Kaschak, Herbolsheimer, Lannon, Henson, Duncan & Reagan, P.C., LaSalle, IL, for plaintiffs.

D. Scott Watson, Keck, Mahin & Cate, Chicago, IL, David G. Lubben, Keck, Mahin & Cate, Peoria, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is plaintiffs Milton F. Hartenbower, individually and as guardian of John Hartenbower, a minor, and Catherine Hartenbower's motion to remand their case to state court pursuant to 28 U.S.C. § 1447 for lack of subject matter jurisdiction. For the following reasons, the court denies the motion to remand.

## I. BACKGROUND

On November 13, 1992, defendant Caroline Dent's vehicle struck John Hartenbower, causing him to suffer multiple injuries. John's parents, Milton and Catherine Hartenbower, filed a negligence action against Dent. Subsequently, State Farm Insurance Company, the auto insurance carrier for Dent, offered to settle the suit for $50,000, the full amount of the available coverage, in exchange for a full release of all other causes of action against Dent. On October 22, 1996, the Hartenbowers filed a petition for settlement of a minor's cause of action, adjudication of liens, and other relief.

At the time of the accident, Milton Hartenbower was an employee of Electrical Specialties Company and was a participant in its employee benefit plan ("the Plan"). Although the Hartenbowers have made claims against the Plan for payment of the medical expenses arising from John's accident, the Plan has denied liability, asserting that the language of the Plan only holds the Plan liable to the extent that the medical expenses exceed the relief available through other insurance or settlement proceeds. The issue of whether the Plan is liable for all or a portion of John's medical expenses currently is pending in this judicial district before Judge Williams, in *Hartenbower v. Electrical Specialties Co. Health Benefit Plan*, Case No. 95 C 1638.

Because the Plan's potential subrogation and reimbursement rights could be at issue in the settlement of the Hartenbowers' negligence action and the adjudication of liens, the Plan sought to intervene in the underlying negligence action. On January 3, 1997, after having been granted permission to intervene, the Plan removed the negligence case to this court pursuant to 28 U.S.C. § 1441(c). The Plan asserts that the resolution of the Hartenbowers' petition requires the court to construe or interpret the terms of the Plan; and because section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. § 1132(a)(1)(B), completely preempts state actions by plan participants that involve construing or interpreting the terms of an ERISA plan, the case belongs in federal court. The Hartenbowers seek to remand the case to the Circuit Court of LaSalle County, Illinois, Thirteenth Judicial Circuit, from which it was removed, as-

serting that the action is solely a common law negligence action. The Hartenbowers also argue that because the Plan has not yet disbursed any funds for the payment of their medical expenses, the Plan's subrogation rights are not at issue.

## II. *DISCUSSION*

■ The "well-pleaded complaint rule" mandates that the federal district court only has subject matter jurisdiction if the suit, as the plaintiff originally framed it or could have framed it, would have been within the district court's original jurisdiction at the time of removal. *Federal Deposit Ins. Corp. v. Elefant,* 790 F.2d 661, 667 (7th Cir.1986); *Fravel v. Stankus,* 936 F.Supp. 474, 476 (N.D.Ill.1996). A mere defense of federal preemption does not confer federal question jurisdiction. *See Rice v. Panchal,* 65 F.3d 637, 639 (7th Cir.1995). However, under the doctrine of complete preemption, state common law claims falling within the scope of ERISA's civil enforcement provision, section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), are "displaced," and thus removable to federal court. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 60, 66, 107 S.Ct. 1542, 1544, 1548, 95 L.Ed.2d 55 (1987); *Fravel,* 936 F.Supp. at 477. Because Congress has manifested an intent to make a cause of action falling within ERISA section 502(a) removable to federal court, the doctrine of complete preemption applies to such an action, and a plaintiff's complaint in such an action can be recharacterized as a complaint arising under federal law. *See Taylor,* 481 U.S. at 66–67, 107 S.Ct. at 1548.

Section 502(a)(1)(B) of ERISA allows a plan participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The Seventh Circuit has held that an action by an ERISA plan participant is an action to "enforce his rights under the terms of the plan" within the scope of section 502(a)(1)(B) where "the claim rests upon the terms of the plan or the 'resolution of the [plaintiff's] state law claim ... require[s] construing [the ERISA plan].'"

*Rice,* 65 F.3d at 644–45 (quoting *Lingle v. Norge Div. of Magic Chef Inc.,* 486 U.S. 399, 407, 108 S.Ct. 1877, 1882, 100 L.Ed.2d 410 (1988)). Relying on *Rice,* district courts have found that a plaintiff's motion to adjudicate liens requires construction and interpretation of an ERISA plan, and can be considered to be within the scope of ERISA section 502(a)(1)(B). *See Musinski v. Staudacher,* 928 F.Supp. 739 (N.D.Ill.1996); *Fravel v. Stankus,* 936 F.Supp. 474 (N.D.Ill.1996); *Speciale v. Seybold,* 951 F.Supp. 740 (N.D.Ill. 1996).

For example, in *Musinski,* the plaintiff had sued the defendant for medical expenses resulting from an automobile accident. After settling with the defendant, the plaintiff moved for adjudication of the lien asserted by his employee benefit plan. 928 F.Supp. at 740. The plaintiff already had received full payment of his medical expenses from the plan, but hoped to limit the amount of expenses that the plan was seeking to capture pursuant to its subrogation/indemnification provision. *Id.* The plan removed the case to federal court, and the plaintiff moved to remand. *Id.* The court denied the plaintiff's motion to remand, holding that removal was proper because the plaintiff's motion to adjudicate the lien fell within the scope of ERISA section 502(a)(1)(B) by requiring construction of the ERISA plan. *Id.* at 743. The court stated:

> In ERISA § 502(a)(1)(B) terms, Musinski's claim may perhaps not be one "to recover benefits," and perhaps he might not be characterized as resisting Blue Cross' effort to enforce its rights under the Plan rather than seeking to enforce his own, but it is surely the case that in the language *Rice* adapted from *Lingle,* the "resolution of the [plaintiff's] state law claim ... require[s] construing [the ERISA plan.]"

*Id. See also Fravel,* 936 F.Supp. at 476–78 (following *Rice* and *Musinski* in upholding removal).

Similarly, in *Speciale,* the court held that a plaintiff's motion to adjudicate liens asserted by a plan required construction of the ERISA plan, thus falling within the scope of ERISA section 502(a)(1)(B). *Speciale,* 951 F.Supp. at 743. In *Speciale,* the plaintiff,

after settling against the defendant for medical expenses arising from an automobile accident, filed a motion to adjudicate liens, including her employee benefit plan's lien and the liens of other health care providers. *Id.* at 741. After the plan removed the action to federal court, the plaintiff sought to remand it for lack of federal subject matter jurisdiction. *Id.* The court denied the plaintiff's motion, following the reasoning in both *Rice* and *Musinski* and finding that, although the plaintiff was not "literally" seeking enforcement of her rights under the plan, she was seeking "a judicial determination of who is entitled to what part of her settlement;" that is, she was "asserting her right not to pay back the [p]lan" for the expenses it had paid in her behalf. *Id.* at 743. Thus, her claim involved construction of the ERISA plan, and was completely preempted by section 502(a) of ERISA. *Id.*

■ *Rice* and the subsequent Northern District of Illinois cases following it dictate that to the extent the Hartenbowers' petition for settlement and adjudication of liens requires construction of the Plan's ERISA subrogation and indemnification provisions, the Hartenbowers' action is completely preempted by section 502(a) of ERISA. Like the plaintiff in *Musinski*, the Hartenbowers are not seeking to recover benefits under the plan, enforce their rights under the Plan, or secure their right to future benefits under the Plan. In fact, those issues are currently pending in motions for summary judgment in *Hartenbower v. Electrical Specialties Co. Health Benefit Plan*, Case No. 95 C 1638. However, because the Plan's potential right to subrogation and reimbursement would be implicated by the court's adjudication of liens, the court necessarily would have to construe and interpret the terms of the ERISA plan in deciding the Hartenbowers' petition. Thus, under the Seventh Circuit's analysis in *Rice*, the Hartenbowers' petition to adjudicate liens pursuant to Illinois law is completely preempted by section 502(a) of ERISA and properly belongs in federal court.

The Hartenbowers argue that, unlike the plans involved in *Fravel* and *Musinski*, the Plan has not yet paid for any of John's medical expenses, and therefore that the Plan does not yet have any subrogation rights that are at issue in the case. This is a meaningless distinction. The Plan has refused to pay John's medical expenses because it contends that the terms of the Plan allow it to assume liability only to the extent that the expenses exceed the money recoverable from other sources of insurance or indemnification. The Hartenbowers are seeking to have the Plan pay the medical expenses in the case before Judge Williams. The issue of whether or not the Plan is liable is currently pending on motions for summary judgment in that case. Thus, the fact that the Plan has not yet paid benefits to the Hartenbowers has no bearing on the issue of whether the Hartenbowers' petition for settlement of a minor's action and adjudication of liens implicates terms of an ERISA plan. Because the Plan has potential subrogation rights that would be affected by settlement disbursements and adjudication of liens, the Hartenbowers' petition likely will require interpretation of the Plan. For this reason, the Hartenbowers' case falls within the scope of ERISA section 502(a)(1)(B), and therefore is preempted by ERISA and belongs in federal court. Accordingly, the Hartenbowers' motion to remand is denied.

The court again notes that the Hartenbowers already have an action against the Plan pending before Judge Williams. That case involves issues substantially the same as or closely intertwined with the issues involved in this case and arose from the same occurrence from which this case arose. Therefore, the parties may wish to refile their earlier filed motion for reassignment based on relatedness before Judge Williams, so that this case may be disposed of with Case No. 95 C 1638. *See* Local General Rule 2.31.

### III. *CONCLUSION*

For the foregoing reasons, the court denies the Hartenbowers' motion to remand.