**James LEWIS, Plaintiff-Appellant,**

v.

**LOUISVILLE & NASHVILLE RAILROAD COMPANY, Defendant-Appellee.**

No. 84–1678.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 14, 1985.

Decided April 3, 1985.

Rehearing and Rehearing En Banc Denied May 3, 1985.

Amiel Cueto, Cueto & Moore, Belleville, Ill., for plaintiff-appellant.

James C. Cook, Walker & Williams, Belleville, Ill., for defendant-appellee.

Before WOOD and FLAUM, Circuit Judges, and PELL, Senior Circuit Judge.

HARLINGTON WOOD, Jr., Circuit Judge.

Appellant James Lewis appeals from the district court's dismissal of his claim that defendant Louisville & Nashville Railroad (the "Railroad") harassed and intimidated him in retaliation for his filing a complaint against the Railroad under the Federal Employers' Liability Act ("FELA"). Lewis contends that the district court should have granted his motion to remand to state court because the defendant failed to remove the case from state court, where originally filed, within thirty days of receiving an amended complaint containing a removable, separate and independent claim. Diversity of the parties in not in question. We believe the plaintiff's argument is well-founded and vacate the district court decision.

## I.

Plaintiff James Lewis, a railroad policeman for Louisville & Nashville Railroad, claims that he injured his knees while working on April 19, 1977 and reinjured his knees at work on September 6, 1979. On September 25, 1979, the plaintiff filed a complaint in state court, alleging that the Railroad's negligence caused his injury on April 19, 1977 and that therefore he was entitled to damages under the FELA. The plaintiff amended his complaint on July 23, 1980 by adding a second count. That count alleged that the defendant, in retaliation for plaintiff's filing an FELA lawsuit, had threatened to discharge the plaintiff, had withheld medical payments from the plaintiff, and had otherwise harassed him. Lewis claimed that this harassment caused him to lose wages and to suffer pain, physical injury, and emotional distress.

Lewis amended his complaint four more times, with his fifth amended complaint listing the two counts described above plus two more counts based on the FELA. In a trial in state court, the jury awarded Lewis $10,000 on one of his FELA claims, found in favor of the Railroad on the other two FELA claims, and could not reach a verdict on plaintiff's claim that the Railroad harassed him in retaliation for filing an FELA lawsuit. On February 2, 1984, the plaintiff filed a satisfaction of judgment for the $10,000 and the state court issued an order dismissing the other two FELA claims with prejudice. On February 8, 1984, the Railroad filed a petition for removal and a motion to dismiss in the United States District Court for the Southern District of Illinois. The plaintiff moved for a remand to state court and, after oral argument on all pending motions, the district court held that removal was proper and granted defendant's motion to dismiss plaintiff's claim with prejudice. Plaintiff then appealed to this court.

## II.

The plaintiff argues that the Railroad could not remove the harassment count because more than thirty days had passed since the Railroad had received the first amended complaint, which included that count. The Railroad responds that this count was not "separate and independent" from the FELA counts, which were not removable, and that therefore the Railroad could not remove the harassment and intimidation count until the state court finally disposed of the three FELA claims on February 2, 1984.

Section 1441(c) of Title 28 provides that

Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremova-

ble claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

28 U.S.C. § 1441(c) (1982). The "separate and independent claim" language requires that we apply a stricter standard for removability than the "separable controversy" distinction of prior law. *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 12, 71 S.Ct. 534, 539, 95 L.Ed. 702 (1951). It is well-settled that a claim is not "separate and independent" if it arises from the same loss or actionable wrong. *See, e.g., Finn,* 341 U.S. at 14–16, 71 S.Ct. at 540–541 (claim against insurer is not separate and independent of claim against agent when both concern property lost in a single fire); *Sawyer v. Federal Barge Lines, Inc.,* 577 F.Supp. 37, 38 (S.D.Ill.1982) (no separate and independent cause of action when plaintiff seeks recovery for single injury on separate grounds). Even if more than a single wrong exists, claims are not "separate and independent" if the wrongs arise from an interlocked series of transactions, *i.e.,* they substantially derive from the same facts. *See Finn,* 341 U.S. at 14, 71 S.Ct. at 540; *New England Concrete Pipe Corp. v. D/C Systems of New England, Inc.,* 658 F.2d 867, 874 n. 12 (1st Cir.1981).

■ In the present case, the Railroad argues that the plaintiff's intimidation count is implicitly based on 45 U.S.C. § 55.[1] Therefore, the Railroad concludes, the intimidation count is not a "separate and independent claim" because that count, like the other three, is based on the FELA. We need not weigh the merits of this argument, however, because a claim based on 45 U.S.C. § 55 of the FELA is never removable. *See* 28 U.S.C. § 1445(a) (1982) (defendant may not remove a claim based on 45 U.S.C. §§ 51–60 from state to federal court). Thus, if the Railroad's argument were correct, the district court should have granted plaintiff's motion to remand to

state court and never reached the merits of plaintiff's claim. *See Yawn v. Southern Railway,* 591 F.2d 312, 316–18 (5th Cir.), *cert. denied,* 442 U.S. 934, 99 S.Ct. 2869, 61 L.Ed.2d 304 (1979).

■ Of course, the plaintiff's claim may be neither based on 45 U.S.C. § 55 nor separate and independent of the three FELA negligence claims. If that were the case, the defendant would have properly removed on February 8, 1984, when less than thirty days had passed since the state court finally disposed of the three FELA counts. But if the intimidation claim were separate and independent of the FELA counts, the defendant could have removed the intimidation claim only in the thirty days following the defendant's receipt of the plaintiff's first amended complaint, which included the intimidation count. That thirty-day period passed long before the defendant removed on February 8, 1984. We must therefore decide whether—assuming the intimidation claim is not a claim under 45 U.S.C. § 55—the intimidation count is separate and independent of the FELA negligence counts.

The Railroad also argues that the intimidation count is not "separate and independent" because it involves "substantially the same facts and transactions" as the three FELA claims filed in state court. We disagree. The plaintiff premised his FELA counts on his injuries of April 19, 1977 and September 6, 1979. The wrong that he alleged was the negligence of the railroad up to the date of his second injury. The intimidation count, by contrast, concerns an alleged intentional tort committed by the Railroad after he filed the first FELA claim. *See Balzeit v. Southern Pacific Transportation Co.,* 569 F.Supp. 986, 990 (N.D.Cal.1983). Since the intimidation claim alleged a different wrong and involved a different set of facts than the FELA claims, the intimidation claim was a "separate and independent" claim for pur-

---

**1.** That section provides that "[a]ny contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this chapter, shall to that extent be void." 45 U.S.C. § 55 (1982).

poses of section 1441(c). *See Hages v. Aliquippa & Southern Railroad,* 427 F.Supp. 889, 891–94 (W.D.Pa.1977); *cf. Jackson v. Consolidated Rail Corp.,* 717 F.2d 1045, 1057 (7th Cir.1983) (Posner, J., dissenting) (only a minimal factual overlap between an FELA claim and a claim that the railroad retaliated for filing the FELA claim), *cert. denied,* — U.S. —, 104 S.Ct. 1000, 79 L.Ed.2d 233 (1984).

■ Since the intimidation claim was "separate and independent," the defendant could have removed that claim[2] within thirty days after July 23, 1980, when the plaintiff added the count. The defendant's removal on February 8, 1984 was therefore untimely and the district court should have granted the plaintiff's motion to remand. 28 U.S.C. § 1446(b) (1982); *see also Wilson v. Intercollegiate (Big Ten) Conference Athletic Association,* 668 F.2d 962, 966–67 (7th Cir.), *cert. denied,* 459 U.S. 831, 103 S.Ct. 70, 74 L.Ed.2d 70 (1982).

The district court's denial of plaintiff's motion to remand is reversed and the case is remanded to the district court with instructions to vacate its dismissal of plaintiff's cause of action and to remand to the state court.

---

**2.** Although section 1441(c) states that whenever a separate and independent claim is removable the entire case is removable, section 1445(a) provides that civil actions under 45 U.S.C. §§ 51–60 may not be removed to federal district court. Courts have disagreed as to whether section 1441(c) allows the removal of FELA claims in conjunction with removable, separate and independent claims. *See Balzeit,* 569

F.Supp. at 987 n. 4. We need not decide this issue because, even if the FELA claims can never be removed, the district court could have severed the FELA claims and remanded them to state court while allowing removal of the intimidation claim. *See* C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3729, at 707 (1976).