**Roger MUNIE, Plaintiff,**

v.

**STAG BREWERY, DIVISION OF G. HEILEMAN BREWING CO., INC., and Allen J. Lacombe, Defendants.**

No. 88–3834.

United States District Court, S.D. Illinois.

Dec. 8, 1989.

Ted Harvey, Freeark, Harvey, Mendillo & Dennis, Belleville, Ill., for plaintiff.

Daniel R. Begian, St. Louis, Mo., for defendants.

MEMORANDUM AND ORDER

STIEHL, District Judge:

Before the Court are plaintiff's Motion to Remand and Alternate Motion to Remand. Defendants have filed briefs in opposition to both motions.

Upon petition of both defendants, this action was removed from the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois to this Court.

Plaintiff's complaint consists of four counts. Counts I and II are identical

counts alleging premises liability and personal injury damages against defendant Stag Brewery. In Count III directed at defendant Stag Brewery and in Count IV directed at defendant Allen J. Lacombe, the plaintiff seeks severance pay, three months free medical and health insurance coverage, and damages for emotional distress. This Court, sua sponte, orders that Count II be STRICKEN pursuant to Fed.R.Civ.P. 12(f) on the grounds of redundancy.

The plaintiff has conceded that Counts III and IV of his complaint are preempted by federal law and, therfore, were properly removed from the state court to federal court. The remaining issue is whether this Court has proper jurisdiction over Count I.

Federal law provides that when a removable, separate and independent claim is joined with a non-removable claim, "the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction." 28 U.S.C. sec. 1441(c).

However, claims arising from the same loss or actionable wrong are not "separate and independent." *Lewis v. Louisville & Nashville R.R.*, 758 F.2d 219, 221 (7th Cir.1985). The Seventh Circuit has held, even if there exists more than one wrong, the "claims are not 'separate and independent' if the wrongs arise from an interlocked series of transactions, i.e., they substantially derive from the same facts." *Id.*

Counts III and IV of plaintiff's complaint wholly adopt and incorporate all of the enumerated paragraphs of Count I. Even though the plaintiff seeks different relief in Count I from that sought in Counts III and IV, the wrongs alleged arise from an interlocked series of transactions. Therefore, Count I is not separate and independent from Counts III and IV. Accordingly, the Court DENIES plaintiff's Motion to Remand and Alternate Motion to Remand.

IT IS SO ORDERED.