Dominica MCCOY

v.

**NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK)**

No. Civ.A. 04–616.

United States District Court, E.D. Pennsylvania.

March 26, 2004.

Robert A. Kosseff, Robert A. Kosseff and Associates, Philadelphia, PA, for Plaintiff.

Raquel M. Fruchter, Landman, Corsi, Ballaine & Ford PC, Newark, NJ, for Defendant.

*MEMORANDUM*

BARTLE, District Judge.

Before the court is the motion of plaintiff Dominica McCoy to remand this action to the Court of Common Pleas of Philadelphia County.

Count I of the complaint alleges that on February 12, 2003, while on duty as an Amtrak employee, plaintiff was injured when her car was hit by a moving Amtrak locomotive. She seeks damages against Amtrak for the negligence of its engineer under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51–60. In Count II plaintiff alleges that she was subject to a blood and alcohol test by Amtrak following the incident while the white male engineer was not required to submit to such testing. As a black female,

plaintiff claims she was fired thereafter because of her race and/or sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2, *et seq.* and 42 U.S.C. §§ 1981 and 1983.

Under 28 U.S.C. § 1441(a), "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court...." Plaintiff contends that this action was not removable because of 28 U.S.C. § 1445(a) which provides, "a civil action in any State court against a railroad ... arising under ... 45 U.S.C. [§§ ] 51–54, 55–60 ... may not be removed to any district court of the United States." However, § 1445(a) is subject to 28 U.S.C. § 1441(c) which states:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Section 1331 reads, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

By itself, the plaintiff's claim under the FELA would not be removable from the state court even though it involves federal law. The question before us is whether the action becomes removable because it includes federal civil rights claims. The resolution of the question depends on whether these latter claims are "separate and independent" from the FELA claim. If they are "separate and independent,"

the entire case will be adjudicated in this court.

Plaintiff's FELA cause of action is based on the purported negligence of an Amtrak engineer on February 12, 2003 when the locomotive he was operating injured her. Plaintiff also alleges violations of her civil rights because she was required to take a blood and alcohol test after the incident and was then fired because of her race and/or sex. The complaint does not say when the firing took place, although plaintiff apparently filed a complaint with the Equal Employment Opportunity Commission on or about March 18, 2003.

While the underlying events giving rise to the two causes of action seemed to have occurred closely in time, there are still two distinct injuries. One resulted from plaintiff's physical encounter with an Amtrak locomotive and the other resulted from her discharge as an Amtrak employee allegedly due to racial or sexual discrimination. Plaintiff does not contend that the errant engineer was the person who made the decision to administer the blood and alcohol test or had responsibility for terminating her.

This is not a case "where there is a single wrong to plaintiff ... arising from an interlocked series of transactions." *American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 13–14, 71 S.Ct. 534, 95 L.Ed. 702 (1951). The allegations in this case do not involve substantially the same individuals, the same facts, or the same transactions. Nor did the damage come from a single incident. *Id.* at 16, 71 S.Ct. 534. *See Lewis v. Louisville & Nashville R.R. Co.,* 758 F.2d 219 (7th Cir.1985).

The federal civil rights claims are separate and independent of the FELA claim with which they are joined. Accordingly, the action was properly removed to this court under 28 U.S.C. § 1441(c).

The motion of the plaintiff to remand this action to the Court of Common Pleas of Philadelphia County will be denied.

## ORDER

AND NOW, this        day of March, 2004, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of the plaintiff to remand this action to the Court of Common Pleas of Philadelphia County is DENIED.