Jeffrey STRUGGS, Plaintiff,

v.

**The CITY OF NEW YORK, et al., Defendant.**

**14 Civ. 0832(ILG)(CLP)**

United States District Court, E.D. New York.

Signed October 19, 2015

Kenechukwu Chudi Okoli, K.C. Okoli, Attorney at Law, New York, NY, for Plaintiff.

Christopher Saleh Bouriat, Sarah Beth Evans, NYC Law Department, New York, NY, for Defendant.

## MEMORANDUM AND ORDER

GLASSER, Senior United States District Judge

Plaintiff Jeffrey Struggs brings this action against the City of New York, members of the New York City Police Department (Sergeant Wong, Deputy Inspector Bartoszek, Sergeant O'Connor, Lieutenant DeMaio, and Sergeant O'Hare), and two civilian defendants (Jeanine and Patricia Crawford).[1]  Plaintiff alleges hostile work environment, retaliation, and conspiracy to violate his civil rights, pursuant to New York City Human Rights Law, N.Y.C. Admin. Code §§ 8–107(1), (7) and (13) (N.Y.CHRL).  Before the Court is Defendants' motion to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), and Plaintiff's cross-motion to remand local law claims.  For the following reasons, Plaintiff's cross-motion to remand is GRANTED, and Defendants' motion to dismiss is DENIED.

## BACKGROUND

Plaintiff, an African American NYPD officer, alleges that other NYPD employees unlawfully harassed and disciplined him at work because of his race.  Plaintiff first filed his complaint in New York State Supreme Court on November 27, 2013.  There, he asserted hostile work environment, retaliation, and conspiracy to violate civil rights claims not only under NYCHRL but also under 42 U.S.C. §§ 1981, 1983, and 1985.  Defendants removed that action to this Court on February 6, 2014.

The complaint that came before me on February 6, 2014 created a sense of *déjà vu.*  For, it is nearly identical to a complaint Plaintiff submitted to this Court in September 2012.  The 2012 action also alleged hostile work environment claims pursuant to Title VII and the NYCHRL, and retaliation and conspiracy claims pursuant to 42 U.S.C. §§ 1981, 1983, and 1985.  *See* Complaint, Struggs. v. City of New York, No. 12–4396 (E.D.N.Y. Sept. 4, 2012), ECF No. 1. It was based on facts nearly identical to the events alleged here. It was filed against all of the defendants

---

1. Jeanine and Patricia Crawford are the mother and grandmother of Struggs' daughter, respectively.  They are not represented by Corporation Counsel and have not joined in the pending motion to dismiss.  On August 24, 2015, Plaintiff requested that the Clerk of Court enter a certificate of default against Jeanine Crawford, pursuant to Rule 55(a), and an entry of default was entered on September 25, 2015.

named in the present litigation except Sergeant O'Hare and the Crawfords. The only count that Plaintiff now alleges, which was not present in the 2012 action, is conspiracy to violate civil rights—but that, too, is based on the same factual allegations from the 2012 complaint.

Defendants sought dismissal of the 2012 complaint in November of that year. On May 30, 2013 the Court granted Defendants' motion in part, dismissing Plaintiff's federal claims and declining to exercise supplemental jurisdiction over the pendent state law claim, noting that "[c]ourts in this district routinely decline to exercise supplemental jurisdiction over a plaintiff's NYCHRL claims after dismissing all federal claims." Memorandum and Order at 9, Struggs v. City of New York, No. 12–4396 (E.D.N.Y. May 30, 2013), ECF No. 15. The Court directed that "plaintiff's hostile work environment claim pursuant to NYCHRL is dismissed without prejudice and may be renewed in the appropriate state court venue." *Id.*

On November 3, 2014 Defendants sought dismissal of the complaint now before me—a twin of the one they moved to dismiss in November 2012. Defendants' motion apparently alerted Plaintiff to his "inadvertent[ ]" re-submission of federal claims. *See* Pl.'s Cross–Mot. to Remand, 2, ECF No. 12. Rather than oppose that motion, Plaintiff filed on November 28, 2014 a notice of voluntary discontinuance, which he had served on Defendants pursuant to Federal Rule of Civil Procedure 41(a), by which he dismissed "all the federal claims in his Complaint." The notice was annexed to a cross-motion to remand

the complaint, now comprised solely of state law claims.[2]

On December 12, 2014, Defendants replied. They consented to Plaintiff's voluntary dismissal of the federal claims with prejudice, but objected to his cross-motion to remand the NYCHRL claims. They urged this Court to exercise supplemental jurisdiction over the remaining NYCHRL claims and to dismiss them outright. They asserted several bases for dismissal, including, *inter alia*, that *res judicata* and collateral estoppel bar the NYCHRL retaliation and conspiracy claims.

For the reasons that follow, I decline to exercise jurisdiction over Plaintiff's remaining local law claims.

## LAW AND ANALYSIS

### I. Removal To This Court

■ As a threshold matter, Plaintiff challenges the February 6, 2014 removal of this action to federal court, alleging that it was neither timely nor unanimous—though both are required by 28 U.S.C. § 1446(b). *See* Pl.'s Cross–Mot., 5, ECF No. 12–7. As for timeliness, "district courts in this Circuit have generally applied the last-served defendant rule, in which defendants have thirty days from the date that the last defendant is served to file a notice of removal." *Barnhart v. Federated Dep't Stores, Inc.*, No. 04 CIV. 3668(JGK), 2005 WL 549712, at *6 (S.D.N.Y. Mar. 8, 2005). Defendant O'Connor was served with the November 2013 complaint on January 7, 2014. *See* Defs.' Notice of Removal ¶ 4, ECF No. 1. Therefore, removal on February 6, 2014 was timely. As for unanimity, Defendants have shown that they unanimously consented to removal. *See* Defs.'

---

2. Also annexed to the motion to remand was an Amended Complaint stripped of any mention of 42 U.S.C. §§ 1981, 1983, or 1985, but otherwise identical to the November 2013 complaint. Although it foreshadows future proceedings in state court and thus serves as a courtesy to Defendants, the Amended Complaint is irrelevant to the questions I resolve here.

Notice of Removal Exs. C and D, ECF No. 1.

## I. Voluntary Dismissal of Federal Claims

■ Rule 41 of the Federal Rules of Civil Procedure provides that a plaintiff may dismiss an action without an order of the court "by filing ... a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. Pro. 41(a)(1)(i). This rule is construed strictly and literally. *See Santiago v. Victim Servs. Agency,* 753 F.2d 219, 222 (2d Cir.1985) (noting that Rule 41 is "unambiguous" and that "[o]nly the occurrence of one of the two events specified in the rule can cut off the plaintiff's right unilaterally to dismiss the action"), *abrogated on other grounds by Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). Thus, if filed before the adversary's answer or motion for summary judgement, "dismissal requires no approval or action by the court. It is within the unfettered power of the plaintiff." *Id.* at 221.

■ When Plaintiff served notice of voluntary discontinuance on November 21, 2014, Defendants had not filed an answer or a motion for summary judgment. Thus, Plaintiff's notice effected immediate dismissal of his federal claims without "even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone." *Thorp v. Scarne,* 599 F.2d 1169, 1176 (2d Cir.1979) (quoting *American Cyanamid Co. v. McGhee,* 317 F.2d 295, 297 (5th Cir.1963)). Accordingly, the only claims before me are Plaintiff's state law claims pursuant to NYCHRL.

## III. Cross–Motion to Remand Local Law Claims

A district court has supplemental jurisdiction "over all ... claims that are so related to the claims in the action" over which the Court has original jurisdiction. 28 U.S.C. § 1367(a). However, if the court has "dismissed all claims over which it has original jurisdiction" it "may decline to exercise supplemental jurisdiction" over the remaining claims. 28 U.S.C. § 1367(c)(3). That decision, predicated on the permissive *may,* "is within the sound discretion of the district court." *Lundy v. Catholic Health Sys. of Long Island,* 711 F.3d 106, 117 (2d Cir.2013). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

[4] Defendants encourage the exercise of supplemental jurisdiction over Plaintiff's remaining claims "as a matter of judicial economy, efficiency, and fairness[.]" Defs.' Reply, 7, ECF No. 13. But Defendants' judicial economy and efficiency concerns do not persuade me. No discovery has been exchanged. The parties are far from trial or even summary judgment. Moreover, Defendants learned of the factual allegations underlying Plaintiff's complaint years ago, so the present litigation required few additional resources. Indeed, even where considerable resources have been expended and the potential for inconvenience is substantial, a district court may forgo exercising supplemental jurisdiction over pendent state law claims if the federal ones are discovered to be patently meritless. *See Dunton v. Suffolk Cnty.,* 729 F.2d 903, 911, *amended on other grounds,* 748 F.2d 69 (2d Cir.1984). The Court elected not to exercise jurisdiction over Plaintiff's NYCHRL claims in its May 30, 2013 Order and will not reconsider that decision now.

## CONCLUSION

For the foregoing reasons, Plaintiff's cross-motion to remand is GRANTED,

and Defendants' motion to dismiss is DE-
NIED.

SO ORDERED.